## I. PLAINTIFFS

**Name:** LaToya S. Miles
**Address:** 10429 Bayberry Dr, Oklahoma City, OK 73162
**Phone:** 469-254-6000
**Email:** toyasball@yahoo.com

## DEFENDANTS

**Name:** The Boeing Company
**Address:**
The Boeing Company
100 N. Riverside Plaza
Chicago, IL 60606
(or the Oklahoma site address where you worked, if applicable)



FILED
DEC 17 2025
JOAN KANE, CLERK
U.S. DIST COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## II. BASIS OF JURISDICTION

☒ 3. Federal Question (Title VII / ADA)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

(For Federal Question cases, leave this section blank.)

## IV. NATURE OF SUIT

☒ **442 – Civil Rights – Employment**
(ADA, Title VII, retaliation, discrimination)

## V. ORIGIN

☒ 1. Original Proceeding

## VI. CAUSE OF ACTION

**Statutes:**
Americans with Disabilities Act (ADA)

Title VII of the Civil Rights Act of 1964
Retaliation, Harassment, Constructive Discharge

**Brief Description:**

Employment disability discrimination and retaliation case. Plaintiff was denied accommodation, subjected to harassment, and terminated after protected EEOC activity.

## VII. REQUESTED IN COMPLAINT

☒ Monetary Relief
☒ Equitable Relief
☒ Jury Demand

## VIII. RELATED CASE(S)

(Leave blank unless you have another federal case.)

## DATE & SIGNATURE

Date: _____
**/s/ LaToya S. Miles**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

**LaToya S. Miles,** Plaintiff

v.

**The Boeing Company,** Defendant

Case No. CIV-25-1520-JD



## COMPLAINT

Plaintiff, LaToya S. Miles ("Plaintiff"), files this Complaint against The Boeing Company ("Defendant") for violations of the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and related anti-retaliation protections. In support, Plaintiff states:

### I. JURISDICTION AND VENUE

1. This action arises under the ADA, 42 U.S.C. § 12112 et seq., and the FMLA, 29 U.S.C. § 2615.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question).

3. Venue lies in this Court under 28 U.S.C. § 1391(b), as all relevant acts occurred in Oklahoma City, Oklahoma.

### II. PARTIES

4. Plaintiff LaToya S. Miles resides in Oklahoma City, OK 73162 and was employed by Defendant as an Operations/Support Analyst.

5. Defendant The Boeing Company is a Delaware corporation doing business in Oklahoma City and may be served through its registered agent, **Corporation Service Company, 6001 Air Depot Rd, Oklahoma City, OK 73128.**

### III. FACTUAL ALLEGATIONS

6. Amanda was walking through some data being presented in a team meeting and the team was pointing out the ones responsible. Not fully understanding the process being new, Amanda pinpointed the Plaintiff. The entire team was trying to clear it

up; Amanda then asked for a one-on-one with the Plaintiff after the meeting. Plaintiff had just taken over these accounts for a teammate who had left.

7. During the one-on-one Plaintiff was written up for not taking lunches and her schedule was changed. Disregarding teams efforts to clear all of the misunderstandings.

8. In 2024, Plaintiff reported her supervisor, **Amanda Ezelle**, for misconduct.

9. After Plaintiff's complaint, she attended a manager's meeting with Amanda and upper management. The complaint was minimized and dismissed because Amanda was "new."

10. Immediately thereafter, Plaintiff experienced retaliation: Amanda threatened to force her back into the office despite her active medical telework status.

11. Plaintiff performed her job successfully and, for years, worked remotely under an approved medical telework status.

12. Plaintiff again complained to management and HR about retaliation.

13. On advice from her prior manager, Plaintiff submitted a **Reasonable Accommodation (RA)** request through the formal channels and also initiated **FMLA** coverage as directed by HR.

14. While those requests were pending, Amanda harassed Plaintiff daily, including constant emails, calls, and public criticism, until HR intervened.

15. HR assured Plaintiff that once approved, the RA could not be denied and noted she had never seen a manager overturn an approved RA in 20 years.

16. The RA and FMLA were ultimately approved for full-time remote work, yet Amanda refused to honor the accommodation.

17. HR recommended an ethics complaint due to the denial; Plaintiff expressed fear of further retaliation but continued to document each interaction with HR.

18. Amanda scheduled a meeting with the SA (Shared Accommodation) team and presented ultimatums:
    - return at least one day per week;
    - accept medical separation;
    - switch teams (no openings existed); or
    - go on unpaid leave.

19. Plaintiff begged to maintain her existing telework, explaining it had never interfered with performance until she reported Amanda.

20. SA asked Plaintiff to have her doctor revise his recommendation. She complied, but Amanda still denied the request.

21. At a follow-up meeting, Amanda increased the in-office requirement to three days per week, again forcing Plaintiff to choose between impossible options.

22. With no available positions, Plaintiff was forced out of her role against her will despite medical and Boeing Medical approvals supporting full-time remote work.

23. Retaliation continued: exclusion from communications, public humiliation in meetings, excessive scrutiny, reassignment to menial tasks, and micromanagement.

24. Ultimately, Plaintiff was included in a so-called reduction-in-force, which she believes was pretextual, as Amanda had discretion over which team member to eliminate.

25. Plaintiff has supporting evidence: emails, HR communications, RA approval notices, medical records, performance evaluations, and witness statements.

26. Plaintiff timely filed **EEOC Charge No. 564-2024-02924** and received a **Right-to-Sue** on **August 18, 2025.**

## IV. CAUSES OF ACTION

### Count I – Disability Discrimination (ADA)

Defendant discriminated against Plaintiff by denying her a medically-approved reasonable accommodation and forcing her from employment because of her disability.

### Count II – Failure to Accommodate (ADA)

Defendant refused to implement Plaintiff's approved telework accommodation and imposed conditions that directly contradicted Boeing Medical and HR guidance.

### Count III – Retaliation (ADA & Title VII)

Defendant retaliated against Plaintiff for reporting misconduct, requesting accommodations, and engaging in protected activity.

### Count IV – Interference and Retaliation (FMLA)

Defendant interfered with Plaintiff's FMLA rights and terminated her while she was under protected medical leave.

### Count V – Hostile Work Environment (ADA)

Defendant, through Amanda's conduct, created a work environment filled with intimidation, harassment, and humiliation that altered the conditions of employment.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

a. Enter judgment in her favor;
b. Award back pay, lost benefits, and front pay or reinstatement;
c. Award compensatory and punitive damages for emotional distress and retaliation;
d. Order injunctive relief requiring policy review and manager training;
e. Award attorney's fees and costs; and
f. Grant such other relief as justice requires.

Respectfully submitted,

Date ___11/12/2025_____

*[signature]*

LaToya S. Miles, Pro Se
10429 Bayberry Dr.
Oklahoma City, OK 73162
Email: toyasball@yahoo.com
Phone: 469-254-6000

## Exhibit List (Proposed)

- **Exhibit A:** EEOC Right-to-Sue Notice (Aug 18, 2025)
- **Exhibit B:** Emails documenting harassment and denial of RA
- **Exhibit C:** HR communications and FMLA correspondence
- **Exhibit D:** Medical and RA approval records
- **Exhibit E:** Witness statements / performance evaluations

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**LaToya S. Miles, Plaintiff**

v.

**The Boeing Company, Defendant**

_____

**EXHIBIT G – CHRONOLOGICAL TIMELINE OF EVENTS**

| Approximate Date | Event Description |
|---|---|
| Spring 2024 | Amanda Ezelle joined the team as a new manager. During a team data meeting, she incorrectly identified Plaintiff as responsible for an error. Plaintiff had just taken over accounts from a former teammate. Team tried stepping in and clearing any misinformation Amanda had. Amanda closed the door on the discussion and requested a meeting after with Plaintiff. |
| Same Day (Spring 2024) | Amanda met with Plaintiff one-on-one, issued a written reprimand, and unilaterally changed Plaintiff's work schedule. |
| Mid-2024 (June) | Plaintiff reported Amanda Ezelle's misconduct to upper management. |
| Shortly After June 2024 | Plaintiff attended a manager's meeting with Amanda and upper leadership; her complaint was minimized because Amanda was "new." |
| Following That Meeting (June 2024) | Amanda began retaliating by threatening to revoke Plaintiff's medical telework status and require in-office work. |
| Late June 2024 | Plaintiff complained again to management and HR about retaliation. HR advised submitting a Reasonable Accommodation (RA) request and including FMLA coverage. |
| July 2024 | Plaintiff initiated the RA and FMLA processes. While pending, Amanda harassed Plaintiff daily through emails, calls, and public criticism until HR intervened. |

| Approximate Date | Event Description |
| --- | --- |
| August 2024 (Early) | Boeing Medical and the Shared Accommodations (SA) team approved full-time remote work. Amanda refused to honor the approved accommodation. |
| August 2024 (Mid) | HR recommended Plaintiff consider filing an ethics complaint due to Amanda's denial. Plaintiff documented events and maintained contact with HR. |
| Late August 2024 | Amanda held a meeting with the SA team and presented ultimatums: return one day per week, accept medical separation, transfer teams (no openings), or go on unpaid leave. |
| Early September 2024 | At the direction of the SA team, Plaintiff revisited her doctor to have him change his recommendation. The doctor did **not** approve any change to the original medical restrictions. Amanda still refused to implement the accommodation. |
| Mid-September 2024 | At a follow-up meeting, Amanda increased the in-office requirement from one day to three days per week, forcing Plaintiff to choose among impossible options. |
| October 2024 | With no positions available, Plaintiff was forced out of her role despite medical and Boeing Medical approvals supporting remote work. |
| October – November 2024 | Retaliation escalated: exclusion from communications, humiliation in meetings, micromanagement, and reassignment to menial tasks. |
| November 2024 | Plaintiff was included in a so-called reduction-in-force, which she believes was pretextual and influenced by Amanda. Due to managers having the options to terminate a selected team member. |
| Early 2025 (Post-Termination) | Plaintiff continued gathering documentation and evidence supporting her claims of retaliation and discrimination. |
| August 18, 2025 | Plaintiff received her EEOC Notice of Right to Sue (Charge No. 564-2024-02924). |

Respectfully submitted,

**LaToya S. Miles, Plaintiff Pro Se**
10429 Bayberry Dr
Oklahoma City, OK 73162
Email: toyasball@yahoo.com
Phone: 469-254-6000
**Date:** 11/12/2025_____

## CERTIFICATE OF SERVICE

I hereby certify that on (date) <u>Latoya Miles</u>         , I

☐ sent this Motion with first-class postage prepaid in the United States Mail, addressed to the Clerk of the Court for the Western District of Oklahoma, 200 NW 4th Street, Room 1210, Oklahoma City, OK 73102;
  or
☐ hand-delivered this Motion with the Clerk of the Court for the Western District of Oklahoma, 200 NW 4th Street, Room 1210, Oklahoma City, OK 73102.

Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

_____
Signature